IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05377-GPG

RAMON MORA SAENZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of DHS, and
DAVID VENTURELLA, Director of ICE,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Additional Request for Relief (Motion) (D. 7).[1] Petitioner states:

> On the last days ICE's agents started to re-arrest immigrants leaving the Detention Center once they are being released because an order of the District Court.
>
> I respectfully request to the Court to add to m[y] Petition for a Writ of Habeas Corpus an additional request for relief ordering to Respondents avoid to re-arrest to Petitioner once he is released from custody.

(*id*. at 1).

The Court construes this filing as motion for the Court to modify the Court's October 27, 2026 Order (D. 4). The Court is aware of instances of Immigration and Customs Enforcement

[1] The Court must construe Petition's filings liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

(ICE) agents rearresting habeas petitioner ordered released. *See Lebrun (PS) v. Baltazar*, No. 26-cv-05294-GPG, ECF 10 (D. Colo. Oct. 30, 2026). The government has been unable to state a lawful basis for such rearrests. *Id*. at D. 10; D. 11.

The Court does not intend that Petitioner should be rearrested absent a final order of removal or a request for relief filed in this case if Petitioner is ultimately released. Accordingly, it is ORDERED that the Motion (D. 7) is GRANTED as follows:

The portion of the earlier Order (D. 4) and associated injunction stating:

> If at any time Petitioner is released from custody—whether due to lack of response from Respondents, an IJ order, or an order from this Court—Respondents are ENJOINED from arresting or detaining Petitioner on the same grounds or imposing conditions in excess of those already in place prior to Petitioner's arrest.

Is amended to read:

> If at any time Petitioner is released from custody—whether due to lack of response from Respondents, an IJ order, or an order from this Court—Respondents are ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[2] or from imposing conditions in excess of those already in place prior to Petitioner's arrest.

DATED November 5, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

[2] Any request for relief from this Order shall be filed in this case as a Rule 60(b) motion.